# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>RENO J. CONTRERAS,<br><br>                    Defendant. | Case No. 23-CR-185-JPS<br><br>**ORDER** |

        On October 17, 2023, the grand jury returned an Indictment charging Defendant Reno J. Contreras ("Defendant") with possession with intent to distribute controlled substances containing detectable amounts of fentanyl, methamphetamine, and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8) ("Count Three"). ECF No. 16.

        On February 2, 2024, Defendant filed a motion to dismiss Count Three on the basis that § 922(g)(1) is unconstitutional both facially and as applied to him under the framework set forth in *New York State Rifle & Pistol Association v. Bruen*, 592 U.S. 1 (2022). ECF No. 25. On April 1, 2024, Magistrate Judge William E. Duffin issued a report and recommendation that the motion to dismiss be denied. ECF No. 30 (the "R&R"). Magistrate Judge Duffin advised Defendant that "any written objection to any recommendation herein or any part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial

Conference, whichever is earlier." *Id.* at 16–17 (citing 28 U.S.C. § 636(b)(1)(B), (C), and Fed. R. Crim. P. 59(b)(2)). Fourteen days have lapsed, and Defendant has not filed an objection to the R&R.

When reviewing a magistrate's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times[,]" and the parties' lack of objection "does not preclude further review by the district judge, *sua sponte*[,]. . . under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate's legal analysis and factual findings. *See id.*; *see also* Fed. R. Crim. P. 59(b).

The Court has carefully reviewed the R&R and adopts it in full. The Court recently answered the questions that Defendant's motion raises in *United States v. Davis*, No. 22-CR-210-JPS, 2024 WL 490581 (E.D. Wis. Feb. 8, 2024), and the Court adopts that analysis by reference, while restating a few salient points and analyzing Defendant's specific arguments here. Although the Court construed the defendant's motion in *Davis* as raising only an as-applied challenge, *id.* at *2, the Court explained that it "[did] not find merit in [the defendant's] arguments on the whole, whether cast as as-applied or facial," *id.* at *3 (quoting *United States v. Tollefson*, 367 F. Supp. 3d 865, 872 (E.D. Wis. 2019)). The same is true in this case.

In *Bruen*, the United States Supreme Court first held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at *5 (quoting *Bruen*,

592 U.S. at 24). "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* (quoting *Bruen*, 592 U.S. at 24). After considering an argument like the one Defendant raises here—that "[t]he plain text of the Second Amendment covers conduct criminalized by Section 922(g)(1)," ECF No. 25 at 4—the Court held that "it [was] reluctant to dismiss . . . statements [in prior Supreme Court precedent], repeated in *Bruen*, that the Second Amendment's protections are not unqualified and that individuals who are not 'law-abiding' may be restricted from possessing guns." *Davis*, 2024 WL 490581, at *10 (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), *McDonald v. Chicago*, 561 U.S. 742, 786 (2010), and *Bruen*, 597 U.S. at 26, 78–79). Nonetheless, the Court assumed that felons are covered by the plain text of the Second Amendment and proceeded to the next step. *Id.* (citing *United States v. Johnson*, No. 22-CR-254-LA, 2023 WL 7284848, at *4 (E.D. Wis. Nov. 3, 2023)).

At the second step, the Court held that the Government had met its burden and demonstrated that "§ 922(g)(1) 'is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" *Id.* at *11 (quoting *Bruen*, 597 U.S. at 19). The Court found persuasive, inter alia, the Government's provision of analogous laws from English and American colonial history, discussion of the history behind the Second Amendment's adoption, and comparison to laws authorizing capital punishment and estate forfeiture as consequences for those who committed felonies. *Id.* at *11–12. In this case, before Magistrate Judge Duffin, the Government incorporated its briefing in *Davis* by reference with respect to these examples and parroted the Court's analysis of the same. ECF No. 28 at 7–9; *cf. id.* at 6 n.2.

Page 3 of 7

Case 2:23-cr-00185-JPS   Filed 04/23/24   Page 3 of 7   Document 31

The Court well understands Defendant's frustration with the fact that the Government chose this tack. ECF No. 29 at 2. As the Court explained in *Davis*, "[i]t should go without saying that a party wishing to make an argument should actually make it, rather than plopping down an authority before the Court and expecting the Court to determine on its own what parts of that authority the parties might believe are relevant." 2024 WL 490581, at *10. In the future, the Government must take the time and due care to draft a thorough brief specific to each case, rather than relying on "incorporation by reference" and casting the Court—or worse, defense counsel—to fill in the rest. Indeed, "incorporation by reference" stifles thinking and investigation into the issue, and perhaps the discovery of additional persuasive argument for the Court to consider.

Nonetheless, the Government correctly notes that the legal issues are "identical." ECF No. 28 at 9. And Magistrate Judge Duffin chose the same approach—that is, incorporation by reference of a prior ruling on the same legal issue—in the R&R. ECF No. 30 at 1, 16. The Court is thus willing, and has, considered the historical authority from *Davis* that the Government incorporated by reference in this case, together with the Court's prior ruling on the same legal issue. *Cf. United States v. Blechman*, No. 10-40095-01/02-SAC, 2011 WL 2473735, at *5 (D. Kan. June 22, 2011) ("In their current filings, no party directly challenges or disputes that order's discussion of the law or, for that matter, the order's application of the law. Consequently, the court will not revisit or restate those legal propositions in this order, but it will incorporate the same by reference. Indeed, without a specific challenge to the court's prior ruling through a new argument, additional legal authority, or new factual allegations, the court will regard its prior order as the law of the case and will not reconsider the same."). However, the Court

will analyze and address the specific arguments that Defendant raises in this case.[1]

Defendant's arguments in this case—that the Government cannot meet its burden because there is a "*lack* of a tradition restricting felons from gun ownership"—does not change the calculus. ECF No. 25 at 9. To support this proposition, Defendant relies on statements in case law and secondary sources stating that there is a lack of such a tradition, as well as the Third Circuit's opinion that a "1961 law restricting firearm ownership, and other similar, slightly older laws" were insufficient analogues. *Id.* at 10 (citing *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 104 (3d Cir. 2023) and collecting authorities). Of course, the analogues in *Davis* and incorporated by reference here are significantly older than 1961, and this comparison is thus inapt.

Defendant also argues, however, that the Third Circuit rejected "older historical analogues proffered by the government that prohibited firearm ownership based on race and religion." *Id.* at 11 (citing *Range*, 69 F.4th at 104–05). The Third Circuit rejected these analogues, which overlap in part with the proffered analogues in *Davis* and by reference here, on the basis that they "now would be unconstitutional under the First and Fourteenth Amendments" and the Government "d[id] not successfully analogize those groups to [the defendant] and his individual circumstances" in response to the defendant's as-applied challenge. *Range*, 69 F.4th at 104–05 ("[T]hat Founding-era governments disarmed groups they distrusted

---

[1]Those arguments largely derive from Defendant's moving brief. ECF No. 25. Defendant's reply brief, which was filed over a month after the *Davis* order was docketed, does not engage with the nuances of the *Davis* opinion, focusing instead on the Government's frustrating "incorporation by reference" strategy. ECF No. 29.

like Loyalists, Native Americans, Quakers, Catholics, and Blacks does nothing to prove that [the defendant] is part of a similar group today.").

As Magistrate Judge Duffin explains in the R&R, however, "restrictions must be viewed in terms of how the right to keep and bear arms was understood at the time the Second Amendment was adopted"—not today. ECF No. 30 at 2 (citing *Bruen*, 597 U.S. at 17–18). And as this Court held in *Davis*, the cited disarmament laws were based "on a conclusion that [the groups'] conduct evinced a willingness to disobey the law." *Davis*, 2024 WL 490581, at *11 (citation and internal bracketing omitted); *see also id.* at *14 ("[A]lthough [the defendant] has shown some support for the idea that a group's 'dangerousness' is what mattered to the Founders, he does not provide much historical basis for individual assessments or for delineating between individuals who committed violent versus non-violent crimes.") (quoting *Atkinson v. Garland*, 70 F.4th 1018, 1023 (7th Cir. 2023)).

Thus, to the extent an as-applied challenge is viable, the Court agrees with the Government that "the historical tradition supports the legislature's ability to disarm *categories* of individuals" who indicate a willingness to disobey the law. ECF No. 28 at 10; ECF No. 30 at 12 (finding that "the history and tradition of the Second Amendment supports disarming the unvirtuous"); *see also Davis*, 2024 WL 490581, at *14 (holding that the Court is "neither required nor authorized" to conduct individual assessments of dangerousness for an as-applied challenge); *id.* at *3 (noting that the Seventh Circuit "has left room for as-applied challenges to" § 922(g)(1), but only district courts have entertained them post-*Bruen*) (citing *Kanter v. Barr*, 919 F.3d 437, 443 (7th Cir. 2019), *abrogated on other grounds by Bruen*, 597 U.S. 1, and *Johnson*, 2023 WL 7284848, at *7–8). And the Court further concurs with Magistrate Judge Duffin that if such an individual assessment is

Page 6 of 7

Case 2:23-cr-00185-JPS   Filed 04/23/24   Page 6 of 7   Document 31

required, that does not help Defendant, who has been convicted of "serious and dangerous offenses," including illegal possession of a firearm, drug dealing, and false imprisonment (amended from second degree-sexual assault). ECF No. 30 at 15–16 (citing ECF No. 6 at 4–5).

Based on the foregoing, and incorporating by reference the Court's analysis in *Davis*, 2024 WL 490581, the Court finds it appropriate to adopt Magistrate Judge Duffin's R&R in full. The underlying motion to dismiss, and any facial or as-applied challenge to § 922(g)(1), is denied.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation, ECF No. 30, be and the same is hereby **ADOPTED in full**; and

**IT IS FURTHER ORDERED** that Defendant Reno J. Contreras's motion to dismiss Count Three of the Indictment, ECF No. 25, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 7 of 7

Case 2:23-cr-00185-JPS   Filed 04/23/24   Page 7 of 7   Document 31